# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KAREN P. DE VAUGHN,
              Appellant,

          v.

DEPARTMENT OF COMMERCE,
              Agency.

DOCKET NUMBER
CH-1221-15-0219-W-1

DATE: July 22, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Karen P. De Vaughn, Shaker Heights, Ohio, pro se.

Paul E. DiTomasso, Esquire, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2      The appellant is a former employee of the agency's Census Bureau.  *E.g.*, Initial Appeal File (IAF), Tab 31 at 30.  In two prior Board appeals, she challenged her removal, which was effectuated in June 2013.  *DeVaughn v. Department of Commerce*, MSPB Docket Nos. CH-0752-14-0040-I-1 & CH‑0353-14-0144-I-1, Final Order at 3 (July 17, 2014).  An administrative judge dismissed the first appeal as untimely and dismissed the second based upon collateral estoppel.  *Id*. at 4.  The Board affirmed those decisions on review.  *Id*. at 4-9.

¶3      The appellant has now filed the instant IRA appeal, alleging that she was subjected to unlawful whistleblower retaliation.[2]  IAF, Tabs 1, 26.  Specifically, she appears to allege that she made disclosures pertaining to the handling of her workers' compensation claims and the agency retaliated against her by curtailing her benefits and effectuating her removal.  *E.g*., IAF, Tab 26 at 4-5.  Despite the prior appeals pertaining to her 2013 removal, the appellant now argues that, in essence, she was removed in 2007.  *E.g*., IAF, Tab 35 at 10‑11.

---

[2] The appellant asked that the case be decided on the written record.  IAF, Tab 29 at 4.

¶4　　The administrative judge provided information concerning the applicable standards, ordering the appellant to meet her jurisdictional burden.  IAF, Tab 10.  After both parties responded, *e.g*., IAF, Tabs 26, 28, 31, the administrative judge dismissed the matter for lack of jurisdiction, IAF, Tab 37, Initial Decision (ID).  The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.[3]  The agency has filed a response.  PFR File, Tab 3.

¶5　　To establish the Board's jurisdiction over an IRA appeal, an appellant must demonstrate that she exhausted her administrative remedies before the Office of Special Counsel (OSC) and make nonfrivolous allegations that:  (1) she made a disclosure described under 5 U.S.C. § 2302(b)(8), or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take, fail to take, or threaten to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).  5 U.S.C. §§ 1214(a)(3), 1221(e)(1); *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).  The administrative judge found that the appellant failed to meet this burden, and we agree.

¶6　　As mentioned in the jurisdictional standard above, under 5 U.S.C. § 1214(a)(3), an employee is required to seek corrective action from OSC before seeking corrective action from the Board in an IRA appeal.  *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 8 (2011).  The Board may consider only those disclosures of information and personnel actions that the appellant raised before OSC.  *Id*.

---

[3] Pursuant to the Board's regulations, the appellant should have filed her petition for review by January 11, 2016, which was 35 days after the December 7, 2015 initial decision.  *See* 5 C.F.R. §§ 1201.14(m)(2), .114(e).  She actually filed a day late, on January 12, 2016.  PFR File, Tab 1.  However, the initial decision mistakenly identified January 12, 2015, as the final date on which she could file a petition for review.  ID at 12.  In light of the mistaken information provided in the initial decision and our affirmance of the dismissal on jurisdictional grounds, we will not further address the timeliness of her petition.

¶7     With her appeal, the appellant included a letter from OSC.  IAF, Tab 1 at 6. In pertinent part, the letter indicates that OSC had completed its inquiry into allegations that "the Department of Labor terminated [her] work[ers'] compensation benefits and that officials of the Census Bureau terminated [her] from [her] position because [she] made disclosures in 2007 and 2008 to various officials about violations of law with respect to [her] workers' compensation claim."  *Id.*

¶8     Although OSC's closeout letter provides some information, we agree with the administrative judge's conclusion that it does not demonstrate that the appellant satisfied the exhaustion requirement for Board jurisdiction.  ID at 4-6. An appellant must prove exhaustion with OSC, not merely present nonfrivolous allegations of exhaustion.  *Mason*, 116 M.S.P.R. 135, ¶ 9.  To do so, an appellant must show that she informed OSC of the precise ground of her charge of whistleblowing, giving OSC a sufficient basis to pursue an investigation that might lead to corrective action.  *Id.*, ¶ 8.  In the absence of additional evidence to supplement the OSC closeout letter she provided, such as her initial complaint to OSC or other correspondence with OSC, the appellant failed to make that showing.  *Id.*  The closeout letter lacks, for example, details as to the content of her disclosures, the individuals to whom they were made, and the individuals responsible for any retaliatory personnel actions.  IAF, Tab 1 at 6; *cf. Swanson v. General Services Administration*, 110 M.S.P.R. 278, ¶ 8 (2008) (finding that an appellant satisfied the exhaustion requirement when, with reasonable clarity and precision, he informed OSC of the content of his disclosure, the individual to whom it was made, the nature of the personnel actions allegedly taken in retaliation, and the individuals responsible for taking those actions).

¶9     The appellant contends on review that she talked with OSC attorneys on several occasions about topics such as her being denied appeal rights and denied workers' compensation.  PFR File, Tab 1 at 5.  These contentions do not prove that she informed OSC of the precise ground of her charge of whistleblowing,

giving OSC a sufficient basis to pursue an investigation that might lead to corrective action. *Willis v. Department of Agriculture*, 141 F.3d 1139, 1144 (Fed. Cir. 1998) (finding that the Board correctly declined to consider allegations of disclosures not clearly raised before OSC); *Boechler v. Department of the Interior*, 109 M.S.P.R. 638, ¶¶ 9-13 (2008) (dismissing an IRA appeal for failure to exhaust where the appellant's evidence of exhaustion did not show that he raised before OSC the same issues raised in his appeal), *aff'd*, 328 F. App'x 660 (Fed. Cir. 2009); *Tucker v. Department of Health & Human Services*, 73 M.S.P.R. 278, 284 (1997) (explaining that when the appellant failed to submit evidence showing that she presented a particular alleged protected disclosure to OSC, the Board was not permitted to accept her recharacterization of her OSC complaint as containing that claimed disclosure, and she failed to satisfy the exhaustion requirement as to that disclosure).

¶10    We find that, because the appellant failed to prove the exhaustion element of her jurisdictional burden, the administrative judge correctly dismissed this appeal for lack of jurisdiction.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge

the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below: http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.